**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| HOWARD LEE HALL,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COUNTY PUBLIC DEFENDERS OFFICE, *et al.*,<br><br>Defendants. | CAUSE NO. 1:26-CV-403-PPS-JEM |

**OPINION AND ORDER**

Howard Lee Hall, a prisoner without a lawyer, filed a complaint alleging his public defender did not properly represent him. [DE 2]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hall alleges Jerad Marks did not properly represent him in his state criminal case. These allegations do not state a claim because public defenders do not act under color of state law. *McDonald v. White,* 465 F. App'x 544, 548 (7th Cir. 2012) (claims against public defender are frivolous because "court-appointed public defender is not a

state actor and thus cannot be sued under 42 U.S.C. § 1983”); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). He does not state a claim against the Allen County Public Defender’s Office, either. First, there is no *respondeat superior* liability under 42 U.S.C. § 1983. *Carter v. Elkhart Cnty. Indiana*, No. 3:24-CV-214-HAB-SLC, 2024 WL 1759108, at *2 (N.D. Ind. Apr. 24, 2024). Second, “[t]o the extent [Hall] is suing his attorney's employer, the Public Defender's Office, this is considered an ‘arm of the state’ under Indiana law. Therefore . . . it has Eleventh Amendment immunity in federal court.” *Id.* at *2 n.3 (citing *Tucker v. State*, 786 N.E.2d 710, 712 (Ind. 2003)).

“The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile.” *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). “District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile.” *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the complaint does not state a claim for which relief can be granted.

SO ORDERED on October 20, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT